# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROSIE M. THOMAS                                                                PLAINTIFF

v.                                     No. 4:11-cv-775-DPM

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for IXIS
Real Estate Capital Trust; SAXON
MORTGAGE SERVICES, INC.; and
OCWEN LOAN SERVICING, LLC                                                DEFENDANTS

## ORDER

Thomas modified the terms of her mortgage-related debt to Deutsche Bank through the Home Affordable Modification Program. Deutsche and its loan servicer, Saxon Mortgage Services, eventually began contacting Thomas about an alleged arrearage. Ocwen Loan Servicing took over servicing the debt and tried to collect the alleged arrearage. Thomas has sued Deutsche, Ocwen, and Saxon, alleging breach of contract and violation of the Fair Debt Collection Practices Act. Deutsche and Ocwen move to dismiss. Thomas's complaint will stand if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Has Thomas stated a solid breach-of-contract claim against Deutsche, Ocwen, or both for applying her payments incorrectly? Has she stated a Fair Debt

Collection Practices Act claim against either or both of the companies?

Thomas's complaint does not allege sufficient facts to maintain a contract claim against Ocwen or Deutsche. *Twombly*, 550 U.S. at 570. Nevertheless, her response to the motion, *Document No. 20*, outlines facts that support a plausible breach-of-contract claim. She says that Ocwen and Deutsche incorrectly applied payments and assessed fees and penalties against her. The Court is therefore convinced that the ends of justice would be best served by allowing Thomas to amend her complaint. FED. R. CIV. P. 15(a)(2). Ocwen and Deutsche's motion is granted on Thomas's contract claim, with leave to file an amended complaint alleging the particulars.

Deutsche's motion to dismiss Thomas's Fair Debt Collection Practices Act claim is granted. Deutsche is a creditor: it extended the credit that created Thomas's debt, 15 U.S.C. § 1692a(4); so it is not a debt collector and is not bound by the Act. 15 U.S.C. § 1692a(6)(A); *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (the Act does not regulate creditors' activities).

Ocwen's motion to dismiss Thomas's Fair Debt Collection Practices Act claim is denied. Ocwen's first argument—Thomas alleges she is current, so the Act cannot apply—is unconvincing. The Act applies to Ocwen's efforts

2

to collect the debt that it began servicing with the (perhaps mistaken) belief that it was in default. This is the answer given by every Court of Appeals that has considered the issue. *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012); *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159 171-73 (3rd Cir. 2007); *Schlosser v. Fairbanks Capital Corporation*, 323 F.3d 534, 53-38 (7th Cir. 2003). While the Eighth Circuit has not spoken directly on this point, the Court adopted analogous reasoning in *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1002 (8th Cir. 2011). There an entity could not avoid being bound by the Act because it mistakenly attempted to collect from the wrong person. This construction is the best one; Ocwen should not be allowed to engage in conduct that offends the Act, and then say "King's X" when it turns out that the consumer was not in default.

Ocwen's argument that Thomas's complaint did not allege violations of 15 U.S.C. §§ 1692d & 1692e also lacks merit. Her complaint alleges enough facts to challenge Ocwen's practices under these code provisions. For example, she alleges that Ocwen engaged in "intimidating telephone calls, correspondence[,] and threats of foreclosure." *Document No. 1, at 4*. Thomas did not specifically mention these two Code sections. But she said enough by

3

citing "§ 1692 et seq." and alleging Ocwen's "violation of multiple provisions . . . including *but not limited to,* 15 U.S. § 1692f(1) and 15 U.S.C. § 1692c(5)." *Document No. 1,* at 1 & 4 (emphasis added).

\* \* \*

Motion, *Document No. 11,* granted in part and denied in part. Thomas must file her amended complaint by 23 July 2012.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 July 2012